IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR RAMON AKINS, | ) | |
| | ) | |
| Petitioner, | ) | 4:01cv3013 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (on remand) |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to the Judgment of the United States Court of Appeals for the Eighth Circuit in Akins v. Kenney, No. 02-1913, __ F.3d __, 2005 WL 1322694 (8th Cir. June 6, 2005), the above-entitled case is on remand to this court for further proceedings. The Eighth Circuit has directed "the district court to determine whether to exercise its discretion to grant a stay pending exhaustion in this case," id., 2005 WL 1322694 at *4, in light of the recent decision by the United States Supreme Court in Rhines v. Weber, 125 S. Ct. 1528 (2005).

This case initially came before me on the Petition for Writ of Habeas Corpus, as amended (filing nos. 1, 6 and 8) (collectively "§ 2254 petition") filed by Samar Ramon Akins, and the Motion to Dismiss (filing no. 10) filed by the respondent. In filing no. 10, the respondent sought dismissal of all of the petitioner's § 2254 claims on the ground that none had been presented in a Petition for Further Review to the Nebraska Supreme Court. To complete exhaustion of state-court remedies, as required by 28 U.S.C. § 2254(b)(1), a prospective § 2254 petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838,

1

845 (1999). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.[1]

---

[1] The opinion by the Nebraska Court of Appeals in the petitioner's direct appeal from his conviction and initial sentence appears at State v. Akins, Case No. A-99-593, 2000 WL 707185 (Neb. App. May 16, 2000). The petitioner did not seek further review.

In Dixon v. Dormire, 263 F.3d 774 (8th Cir. 2001), the Eighth Circuit considered Missouri's appellate review scheme and ruled that a petition for discretionary transfer to the Missouri Supreme Court constituted an available remedy to be exhausted within the meaning of O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). However, the Eighth Circuit also held that the State of Missouri had no firmly established and regularly followed practice of insisting on exhaustion of the procedure for discretionary transfer. In fact, the state had consistently elected not to assert failure to seek discretionary review as a defense in federal habeas cases. In Coleman v. Kemna, 263 F.3d 785, 786 (8th Cir. 2001), the Eighth Circuit explained: "Our reasoning [in Dixon v. Dormire] was based on Ford v. Georgia, 498 U.S. 411, 423-24 ... (1991), where the Court stated that only a 'firmly established and regularly followed state practice' will bar federal court review. There was no firmly established state practice in Missouri of insisting on the exhaustion of discretionary review; to the contrary, the State had consistently asserted that the exhaustion of discretionary review was unnecessary."

In 2001, the Eighth Circuit directed this court in Case No. 4:00cv3075, Martinez v. Kenney, to consider whether "Nebraska has treated the issue the same as Missouri did," regarding the necessity of seeking discretionary review in the Nebraska Supreme Court for exhaustion purposes. See Martinez v. Kenney, No. 00-3403 (8th Cir. Sept. 20, 2001). That inquiry, in Nebraska, is no longer appropriate in light of the Eighth Circuit's conclusion in Akins v. Kenney that:

> Nothing in Nebraska law "plainly states that a [petition for further review in the Nebraska Supreme Court] is an extraordinary remedy outside the standard review process," Dixon v. Dormire, 263 F.3d 774, 779 (8th Cir. 2001), and in fact, the rules indicate that such a procedure is considered the ordinary process because the mandate may not issue until the time for filing such a petition has lapsed.

Akins v. Kenney, No. 02-1913, __ F.3d __, 2005 WL 1322694 at *3 (8th Cir. June 6, 2003). Thus, a petitioner's habeas claims will be procedurally defaulted if not presented to the Nebraska Supreme Court in a petition for further review. Procedurally defaulted claims cannot be considered by this court unless the default is excused. Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).

In <u>Rhines</u>, the Supreme Court first reaffirmed the "total exhaustion" rule of <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Thus, a federal district court may not consider the merits of a "mixed petition" as long as the petition contains both unexhausted and exhausted claims. <u>Rhines v. Weber</u>, 125 S. Ct. at 1533. See also <u>Pliler v. Ford</u>, 124 S. Ct. 2441, 2447 (2004) (a mixed petition must be dismissed).

**Stay and Abeyance**

On the other hand, 28 U.S.C. § 2244(d), the statute of limitations enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), does not deprive the federal district courts of discretionary authority to issue a stay to allow a habeas petitioner to present unexhausted claims to the state courts in the first instance and then return to the federal court for habeas review of a totally exhausted petition. <u>Rhines v. Weber</u>, 125 S. Ct. at 1531-36. However, such discretion is not unlimited.

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless ....
>
> A mixed petition should not be stayed indefinitely .... And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

<u>Id</u>. at 1535.

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition ....

<u>Id</u>. Finally, "if a petitioner presents a district court with a mixed petition and the court

3

determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

The Eighth Circuit has instructed the lower court in Rhines and this court to analyze each unexhausted § 2254 claim to determine (a) whether the petitioner had good cause for failing to exhaust the claim, (b) whether the claim is potentially meritorious, and (c) whether the petitioner has engaged in abusive litigation tactics or intentional delay. See Rhines v. Weber, No. 02-2990, __ F.3d __, 2005 WL 1322628 (8th Cir. Jun 06, 2005) (on remand from the Supreme Court). Accord Akins v. Kenney, 2005 WL 1322694 at *4:

> In order to determine whether a stay pending exhaustion would be appropriate in this case, Akins must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay.

### Procedural Default

The discretionary stay permitted by Rhines applies only to claims which have not been exhausted and which may still be cognizable in a state-court proceeding. See 28 U.S.C. § 2254(c): "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure, the question presented*." (Emphasis added.)

If no available state-court remedy exists as to a § 2254 claim because the petitioner failed to present the claim at an earlier stage or for any other adequate and independent state-law reason, the claim is procedurally defaulted. The inability to obtain a state-court

ruling on a claim renders that claim "exhausted" for habeas purposes, and any stay contemplated by Rhines would not apply. Thus, in Akins v. Kenney, the Eighth Circuit also instructed this court to allow the petitioner an opportunity to demonstrate a basis for excusing procedural default of any of the petitioner's § 2254 claims which a state court will not now entertain. See Akins v. Kenney, 2005 WL 1322694 at *4 n.1:

> If on remand the district court determines that a stay is not appropriate to permit exhaustion, Akins should be given an opportunity to proceed on any claims for which there is no currently available state court remedy by demonstrating cause and prejudice to excuse his procedural default.[2]

---

[2]To excuse procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although the Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely

5

Consequently, this case presents many variables on which the parties should be heard before any decision can be rendered on remand. I view the issues to be addressed as follows:

1. As to each of the petitioner's § 2254 claims, does the petitioner currently have the right under Nebraska law to raise that claim by any available procedure;[3]

2. If none of the petitioner's § 2254 claims can presently be asserted in a state court, and this case does not involve a mixed petition, are all claims simply procedurally defaulted, and, if so, does Rhines even apply;

3. Assuming Rhines applies, did the petitioner have good cause for failing to exhaust any of his § 2254 claims, and, if so, which claims, and if not, why not;

4. As to each of the petitioner's § 2254 claims, is such claim potentially meritorious or, on the contrary, is such claim patently without merit, and why;

5. Has the petitioner engaged in abusive litigation tactics;

6. Has the petitioner engaged in intentional delay; and

7. As to each procedurally defaulted claim, should the default be excused, and why or why not.

---

than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

[3]It is particularly important that the respondent address the first issue candidly and comprehensively, as the respondent controls the grounds on which objection will be made to a claim if asserted by the petitioner in a state-court proceeding.

IT IS THEREFORE ORDERED:

1. That by July 25, 2005[4], each party shall submit a brief addressing *all* of the issues set forth above;

2. That if either party's brief refers to part of the record, the respondent shall make that part of the record available to the court,

3. That if the petitioner lacks a copy of any part of the record cited by the respondent, the petitioner shall file a motion specifying precisely which such document(s) he lacks;

4. That any party who wishes to reply to the other party's brief may do so by August 15, 2005; and

5. That each party may request one extension of time, if needed.

DATED this 9th day of June, 2005.

BY THE COURT:

/s Richard G. Kopf
United States District Judge

---

[4] In the alternative to the briefs and the possible stay, appeals, state court proceedings, return to this court, and so forth, the respondent may decide that, as a matter of cost and efficiency, the petitioner's claims should simply be decided on the merits. If so, the respondent shall have until July 25, 2005 to withdraw his affirmative defense(s).