IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR RAMON AKINS, | ) | |
| | ) | |
| Petitioner, | ) | 4:01cv3013 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

When this case first came before me, the respondent moved to dismiss the Petition for Writ of Habeas Corpus (filing no. 1), as amended (filing nos. 6 and 8) (collectively "§ 2254 petition"), filed pursuant to 28 U.S.C. § 2254 by the petitioner, Samar Ramon Akins, a Nebraska inmate. The respondent sought dismissal of the § 2254 petition because no claim had been fully exhausted by invoking one complete round of the state's established appellate review process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In filing no. 16 at 2-5, I summarized the history of this case in the state courts. Presently, in filing no. 62 at 1, the respondent adopts that history, stating: "[T]he procedural history of this matter prior to the filing of the present habeas corpus petition, set forth in filing no. 16, pages 2-5, is accurate...."  The petitioner has not objected to my characterization of the state-court record. I now reproduce that history below under the heading "Previous Proceedings."

## Previous Proceedings

Conviction, Sentence, Appeal

After a jury trial in the District Court for Douglas County, Nebraska, Akins was convicted on January 22, 1999, of robbery, use of a deadly weapon to commit a felony, and operating a motor vehicle to avoid arrest. The opinion by the Nebraska Court of Appeals in Akins' direct appeal from his conviction and sentence appears at State v. Akins, Case No. A-99-593, 2000 WL 707185 (Neb. App. May 16, 2000).

As stated by the Court of Appeals: "On May 14, 1999, Akins was sentenced to

1

imprisonment of 6 to 12 years for robbery, 6 to 12 years for use of a deadly weapon to commit a felony, and 3 to 6 years for operating a motor vehicle to avoid arrest. Credit was given for time served. All sentences were ordered to be served consecutively. Thereafter, Akins timely appealed." Akins, 2000 WL 707185 at *2.

On appeal, Akins alleged ineffective assistance of counsel and structural error. "Akins properly assigned and argued that his trial counsel was ineffective due to his failures to request a *Frye* hearing, see *Frye v. United States*, 293 F.2d 1013 (D.C. Cir. 1993); to obtain certain defense experts; to properly preserve the issues raised in the motion to suppress; and to move for a new trial. Akins also properly raises a claim of structural error." Id.

The Nebraska Court of Appeals overruled the claims Akins alleged on appeal but found plain error in the sentence imposed on Count III for the charge of operating a motor vehicle to avoid arrest. In the decision on direct appeal dated May 16, 2000, the Court of Appeals vacated Akins' sentence, in part, and remanded for resentencing:

> Operating a motor vehicle in an effort to avoid arrest for violation of a law constituting a felony is a Class IV felony. Neb. Rev. Stat. § 28-905(2) and (4) (Reissue 1995). A Class IV felony is punishable by 0 to 5 years' imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 1998). However, the minimum term of the sentence for a Class IV felony may not be more than one-third of the maximum term and the maximum term may not be greater than the maximum provided by law. Neb. Rev. Stat. § 29-2204(1)(a)(ii)(A) (Cum. Supp. 1998).
>
> In the case before us, the district court sentenced Akins to 3 to 6 years' imprisonment for operating a motor vehicle to avoid arrest. Obviously, the maximum term of this sentence exceeded 5 years, the maximum term allowed by law. In addition, the minimum portion of Akins' sentence, 3 years, exceeded the one-third of the maximum sentence provided by law .... This sentence constitutes plain error .... Therefore, we must vacate Akins' sentence for operating a motor vehicle to avoid arrest and remand the matter for resentencing in this regard.
> ....
> As a result of plain error, we vacate Akins' sentence for operating a motor vehicle to avoid arrest and remand for resentencing in this regard. Regarding the errors properly assigned and argued by Akins, we affirm.

2

Id., 2000 WL 707185 at *7.

The mandate of the Court of Appeals issued on June 23, 2000. On remand from the Court of Appeals, the district court resentenced Akins to 20-60 months of imprisonment on Count III in a "Sentencing Order" filed on August 11, 2000 (filing no. 11, Ex. 5).

However, Akins has produced a docket entry by the district court (filing no. 14, Ex. 1) which demonstrates that on June 23, 1999, between the original sentence on May 14, 1999, and the decision by the Court of Appeals dated May 16, 2000, the district court entered an "Order Nunc Pro Tunc" stating: "[S]entence in Count III revised to 20-60 months NPCC because it is a Class IV felony. Letter to Defendant. Because Defendant asserts ineffective representation, Attorney ... appointed to represent Defendant on Appeal." Although issued while Akins' direct appeal was pending, the district court's Order Nunc Pro Tunc apparently did not come to the attention of the Court of Appeals.

State Post-conviction Proceedings

Before the district court's Sentencing Order of August 11, 2000 on remand from the Court of Appeals, Akins filed a "Motion to Vacate Conviction and Sentence." In that motion, Akins alleged the following grounds for post-conviction relief (filing no. 1 at ¶ 13(a)(3); filing no. 6 at ¶ 2 subsections 1-17): (1) ineffective assistance of counsel on direct appeal; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct; (4) biased trial judge; and (5) lack of a fair and impartial jury.

In an Order filed on July 13, 2000 (filing no. 11, Ex. 2), the district court overruled Akins' post-conviction motion as premature. The Order stated: "Because this matter is set for resentencing on August 10, 2000 ... pursuant to the Mandate of the Court of Appeals dated June 23, 2000, the Defendants' various motions regarding the vacation of his conviction and sentence are premature."

Akins appealed from the Order of July 13, 2000, in which the district court had denied the motion for post-conviction relief as premature. On September 20, 2000, the Nebraska Court of Appeals dismissed Akins' appeal (Case No. A-00-0789) without opinion (filing no. 1 at ¶ 13(a)(9); filing no. 6 at ¶ 2; subsequent mandate at filing no. 11, Ex. 3).

Akins then filed a "Petition for Further Review by the Nebraska Supreme Court" on October 20, 2000 (filing no. 8 at ¶ 1A; filing no. 11, Ex. 4). In that filing, Akins argued that "the Nebraska Court of Appeals erred in dismissing [Akins'] appeal as premature and that the Nebraska Supreme Court ha[d] jurisdiction over the matter" (filing no. 1 at ¶ 13(b)(3)). On December 13, 2000, the Nebraska Supreme Court denied further review (filing no. 8 at ¶ 3C).

### Initial Habeas Corpus and Appellate Proceedings

In his direct appeal, Akins did not seek further review by the Nebraska Supreme Court after the Nebraska Court of Appeals issued its decision of May 16, 2000. Later, when the district court denied Akins' post-conviction action as premature, the appeals dealt only with jurisdictional issues. Then, after Akins' resentencing on August 11, 2000, he did not file an appeal or a post-conviction motion relating to the judgment of August 11, 2000. Thus, Akins' claims have never been presented on the merits to the Nebraska Supreme Court.

However, as the respondent argued, Akins could still seek post-conviction relief under Neb. Rev. Stat. § 29-3001, which contains no statute of limitations. When this case first came before me, I granted the respondent's Motion to Dismiss, and under Eighth Circuit then-prevailing authority, I denied the petitioner's request for a stay of his habeas case. I dismissed Akins' § 2254 petition without prejudice so that he could return to state court to undertake his available state-court remedy. I specifically stated that the dismissal was for failure to exhaust, not for procedural default (filing no. 16 at 6-7).

The petitioner appealed. The Eighth Circuit Court of Appeals affirmed in part, reversed in part, and remanded. However, the U. S. Supreme Court granted certiorari, ultimately vacating and remanding the Eighth Circuit's decision in light of Rhines v. Weber, 125 S.Ct. 1528 (2005) (ruling that federal district courts have discretion, under limited circumstances, to hold habeas "mixed petitions" in abeyance pending exhaustion in the state courts of unexhausted claims). See Akins v. Kenney, 341 F.3d 681 (8th Cir. 2003), cert. granted and judgment vacated by 125 S.Ct. 1723 (Apr. 04, 2005). On remand, the

4

Eighth Circuit in Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005), clarified that, in Rhines v. Weber, "[t]he Supreme Court has ... determined that a district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." To determine whether a stay pending exhaustion would be appropriate, a petitioner "must be given an opportunity to demonstrate good cause for his failure to exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay [in the state courts]." Akins v. Kenney, 410 F.3d. at 456.

However, if no available state-court remedy exists as to a habeas claim because the petitioner failed to present the claim at an earlier stage or for any other adequate and independent state-law reason, the claim is "exhausted" by procedural default.[1] In that event, the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse his procedural default. Id. at 456 n.1.

### Present Habeas Corpus Proceedings

The Eighth Circuit has instructed this court to take the following measures on remand:

    1.    Determine whether a stay pending exhaustion would be appropriate in this

---

[1] An "unexhausted" habeas claim means both that the claim has not been fairly presented in "one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), but also that the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c). If a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005). Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003); Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. Akins v. Kenney, 410 F.3d at 456 n.1.

case within the framework set forth in Rhines v. Weber, 125 S.Ct. 1528 (2005). See also Rhines v. Weber, 409 F.3d. 982 (8th Cir. 2005) (opinion following remand from the Supreme Court). Akins v. Kenney, 410 F.3d at 456. Therefore, give the petitioner an opportunity:

> a. to demonstrate good cause for his failure to exhaust his claims first in state court,
>
> b. to show that his unexhausted claims are not plainly meritless,
>
> c. and to demonstrate that he has not engaged in abusive litigation tactics or intentional delay. Id.

2. As none of the petitioner's claims has reached the Nebraska Supreme Court, determine whether the petitioner has asserted claims as to which there is no presently available state court remedy, so that such claims are "exhausted" by procedural default. Id. at 456 n.1.

3. If a stay is denied, give the petitioner an opportunity to demonstrate cause and prejudice to excuse his procedural default of any claims. Id.

In filing no. 55, I asked the parties to address certain questions on remand from the Eighth Circuit. The parties, particularly the respondent, have provided helpful responses. As a preliminary matter, I determine that the § 2254 petition in this case is a mixed petition because at least two of the petitioner's claims are "exhausted" by procedural default, while at least five should still be cognizable in state post-conviction proceedings.

The petitioner contends (filing no. 59) that all of his claims could still be brought in a state post-conviction action, as his Motion to Vacate Conviction and Sentence was dismissed as premature, and jurisdiction never attached. The respondent agrees that a state post-conviction action by the petitioner would not be successive, and that at least some of the petitioner's habeas claims could still properly be the subject of post-conviction review. However, according to the respondent, only the following claims remain cognizable on collateral review in the Nebraska courts: Claims 1 - 4: Ineffective assistance of appellate counsel on direct appeal, and Claim 8: Ineffective assistance of trial counsel

6

(failure to request a *Frye* hearing and to call an expert on the issue of shell casing).[2]  Thus, there is at least agreement between the parties that claims 1, 2, 3, 4 and 8 remain unexhausted and are not procedurally defaulted.

According to the respondent, the remaining Claims 5, 6, 7, 9, 10, 11 and 12 are all procedurally defaulted. Claims 5, 6, 7, 9, 10, 11 and 12 were available to the petitioner on direct appeal but, at a minimum, were never fairly presented to the Nebraska Supreme Court in a petition for further review. The petitioner had counsel at trial, but proceeded pro se at his sentencing hearing. A different attorney represented the petitioner on direct appeal, and the petitioner again proceeded pro se during his postconviction action and appeals.

On the limited record before me, I am able to conclude that at least the petitioner's Claims 6 and 7 (ineffective assistance of trial counsel by failure to withdraw and by failure to object to prosecutorial misconduct) are unquestionably procedurally defaulted on three bases. First, they have never been presented on the merits to the Nebraska Supreme Court. Second they were not properly assigned and argued to the Nebraska Court of Appeals, causing that court to refuse to consider those claims on direct appeal. See State v. Akins, 2000 WL 707185 at *2.[3]  Third, there exists no currently available state-court

---

[2]On direct appeal, the Nebraska Court of Appeals deferred the *Frye* issue for collateral review, stating: "[W]e conclude that an evidentiary hearing is required to explore whether trial counsel was ineffective for failing to request a Frye hearing. We decline to reach this assigned error." State v. Akins, Case No. A-99-593, 2000 WL 707185 at *3 (Neb. App. May 16, 2000).

[3]See State v. Akins, 2000 WL 707185 at *2:

> In Akins' brief, he sets forth eight assignments of error. He argues some, but not all, of his assigned errors and also argues additional issues. We note that in the argument section of Akins' brief, he fails to present and argue each issue separately as required by Neb. Ct. R. of Prac. 9D(1)(g) (rev.1996). Akins' failure to comply with court rules resulted in a disorganized brief that was difficult to follow.
>
> In the absence of plain error, Nebraska appellate courts only address those errors properly assigned and argued .... Based upon our review of

7

remedy for those claims because the claims could and should have been properly assigned and argued on direct appeal, but were not. See, e.g., State v. Williams, 609 N.W.2d 313, 318 (Neb. 2000): "We hold that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review."

In addition, because the record in this case is still incomplete, it is unclear whether the deficiencies in the petitioner's brief on appeal occurred because of ineffective representation by Akins' appellate counsel. Similarly, the record does not indicate why Akins' appellate counsel failed to seek further review in the Nebraska Supreme Court on direct appeal. If the petitioner has Sixth Amendment claims based on appellate counsel's procedural default of many of the petitioner's claims, such issues must be presented to the state courts in the first instance. The respondent believes that Akins still has an available state-court remedy to present his claims regarding ineffective representation by counsel on direct appeal.

## Stay and Abeyance

Addressing the matters directed by the Eighth Circuit, I conclude that a stay is appropriate in this case for a reasonable period to enable the petitioner to return to state court, complete exhaustion, and then come back to this court, if necessary, as discussed below.

Good Cause

As the district court, on remand in Rhines v. Weber, 408 F. Supp.2d 844, 847 (D.

---

Akins' brief, we conclude that Akins properly assigned and argued that his trial counsel was ineffective due to his failures to request a Frye hearing, see *Frye v. United States*, 293 F. 1013 (D.C. Cir.1993); to obtain certain defense experts; to properly preserve the issues raised in the motion to suppress and to move for a new trial. Akins also properly raises a claim of structural error.

8

S.D. 2005), pointed out, "[t]he Supreme Court did not define 'good cause' in Rhines" and the "only other Supreme Court decision to reference the term 'good cause' in the stay and abeyance context is Pace v. DiGuglielmo, [125 S.Ct. 1807] (2005)." In Pace, the Supreme Court considered "whether a state postconviction petition rejected by the state court as untimely nonetheless is 'properly filed' within the meaning of § 2244(d)(2)." Id. at 1810. A state-court post-conviction motion or petition which was not "properly filed" will not toll the federal statute of limitations for habeas cases, 28 U.S.C. § 2244(d)(2),[4] even for the period the petition was pending in state court before that court rejected it after judicial scrutiny. Id., 125 S.Ct. at 1811-13. To avoid the predicament of spending years exhausting state remedies, only to discover that a federal habeas petition is time-barred because a state petition was never "properly filed," the Supreme Court suggested in Pace v. DiGuglielmo that a prisoner seeking state post-conviction relief might file a "'protective' petition in federal court" and ask the federal court to stay the federal habeas proceeding until state remedies are exhausted. Id., 125 S.Ct. at 1813.[5]

Recently, the Eighth Circuit, in Walker v. Norris, 436 F.3d 1026, 1030-31 (8th Cir. 2006), reiterated the Supreme Court's suggestion in Pace v. DiGuglielmo that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily

---

[4]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. The AEDPA statute of limitations, 28 U.S.C. § 2244(d), also includes a tolling provision for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

[5]See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1813 (2005): "Finally, petitioner challenges the fairness of our interpretation. He claims that a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed," ' and thus that his federal habeas petition is time barred .... A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted .... **A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.**" (Emphasis added; citations omitted.)

9

constitute 'good cause' for him to file in federal court." Walker v. Norris, 436 F.3d at1030-31, *citing* Pace v. DiGuglielmo, 125 S.Ct. at 1813. In Rhines v. Weber, on remand from the Eighth Circuit to determine the propriety of a stay, the district court concluded that because the petitioner had a reasonable confusion about whether he had completed exhaustion, and because he essentially followed the procedure subsequently articulated in Pace, i.e., filing a "protective" petition in federal court and asking the federal court for a stay, the petitioner had demonstrated "good cause" for his failure to exhaust his claims first in state court.

> Rhines followed the procedure that was subsequently articulated in Pace, namely he filed a protective petition in federal court and asked the federal court to stay and abey the federal habeas proceeding, stating that he was concerned about complying with the one-year statute of limitations in the AEDPA. The court finds that Rhines was reasonably confused about whether his claims had been properly exhausted in state court and thus he has shown "good cause" for his failure to exhaust his unexhausted claims.

Rhines v. Weber, 408 F. Supp.2d 844, 848 (D. S.D. 2005).

Similarly, Akins was certainly confused, and reasonably so, regarding whether his claims had been properly exhausted in state court. He appealed, and then sought further review in the Nebraska Supreme Court, of the district court's denial, as premature, of his post-conviction motion, believing that he was thereby exhausting his judicial remedies. Also, in the belief that he had exhausted his remedies and concerned about timeliness issues in federal court, he filed a habeas petition in this court rather than initiate a second post-conviction action in state court. While, in retrospect, he made two erroneous decisions, he was certainly understandably confused. His petition in this court was functionally the equivalent of the "protective" petition in federal court referred to in Pace v. DiGuglielmo, and his request for a stay finds support in the Supreme Court's decisions in Rhines and Pace.

### Petitioner's Claims

Without a record, it is difficult to determine the adequacy of the petitioner's claims. However, the unexhausted claims are not plainly without merit on their face.

10


<u>Abusive Tactics or Delay</u>

No instances of abusive litigation tactics or intentional delay by the petitioner have been pointed out to the court. In fact, the respondent concedes that the petitioner has engaged in no intentionally dilatory actions of any kind. On the contrary, the petitioner has prosecuted this case with an excess of zeal. The record indicates that the petitioner made two unfortunate decisions when he filed a pro se Motion to Vacate Conviction and Sentence before his resentencing set for August 10, 2000, and when he filed his § 2254 petition in this court instead of returning to state district court for a second post-conviction proceeding.

### Conditions for a Stay

In light of the foregoing factors, the above-entitled habeas case is hereby stayed so that the petitioner may return to state court to complete exhaustion of his unexhausted claims, followed by a return to this court, if necessary, to complete this litigation. In <u>Rhines v. Weber</u>, 409 F.3d. 982 (8th Cir. 2005) (opinion following remand from the U.S. Supreme Court), the Eighth Circuit stated that, if a stay is granted, a petitioner should ordinarily receive not more than 30 days to commence state court proceedings and 30 days to return to federal court after completing exhaustion. <u>Id</u>. at 983. Therefore, Akins shall have 30 days from the date of this Memorandum and Order to initiate a post-conviction proceeding in state court as to all of his claims. If any claims are rejected as procedurally barred, and the petitioner ultimately returns to this court, he will be accompanied by a definitive record as to which claims are subject to the bar of procedural default. At that time, he will receive another opportunity to demonstrate cause and prejudice to excuse any such procedural default.

I will require the petitioner to file a status report in this case by April 28, 2006, indicating the status of his state-court post-conviction filing, and I may order subsequent status reports while the stay of this matter remains in effect. The petitioner must notify the court of any change in his address while this case is pending or stayed.

THEREFORE IT IS ORDERED:

1. That this case is stayed and held in abeyance so that the petitioner may return to state court to complete exhaustion of his unexhausted claims, followed by a return to this court, if necessary, to complete this litigation;

2. That the stay of this matter is conditioned upon the petitioner's return to state court within 30 days of the date of this Memorandum and Order to initiate a post-conviction proceeding as to all of his claims;

3. That the stay of this matter is also conditioned upon the petitioner's return to this court within 30 days of completing exhaustion through the Nebraska Supreme Court;

4. That the petitioner shall file a status report in this case by April 28, 2006, indicating the status of his state-court post-conviction filing, and I may order subsequent status reports while the stay of this matter remains in effect;

5. That the petitioner must notify this court of any change in his address while this case is pending or stayed; and

6. That pursuant to Fed. R. Civ. P. 54(b), this decision is not a final and appealable order until after entry of judgment adjudicating all the claims and rights of the parties.

March 14, 2006.					BY THE COURT:

						/s *Richard G. Kopf*
						United States District Judge