IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR RAMON AKINS, | ) | Case No. 4:01CV3013 |
| | ) | |
| Petitioner, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This is a habeas corpus case that has been pending for a long time. In 2001, Samar Ramon Akins ("Akins") filed his petition. Because the petitioner had not exhausted his state remedies, and following the law as it existed at that time, I dismissed this case without prejudice in February of 2002. However, Akins successfully sought review of that dismissal and the case was sent back to me in June of 2005 to determine whether to stay, rather than dismiss without prejudice, these proceedings.[1]

In March of 2006, I stayed, but did not dismiss, this matter to give Akins an opportunity to exhaust his state remedies without running afoul of the federal statute of limitations. Akins sought additional state postconviction relief.[2] Ultimately, he failed to obtain any substantive relief from the state courts and Akins asked me to lift

---

[1]*Akins v. Kenney*, 410 F.3d 451 (8th Cir. 2005) (pursuant to order of the Supreme Court of the United States vacating the decision of the Court of Appeals, *see Akins v. Kenney*, 341 F.3d 681 (8th Cir. 2003), *cert. granted and judgment vacated by* 544 U.S. 957 (2005), and pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), remanding with instructions to determine whether to stay and abey or to dismiss).

[2]Following my original dismissal of this case in 2002, Akins commenced state postconviction proceedings. Thus, my later "stay and abey" ruling simply reinstated Akins's federal case and allowed him to continue to proceed in state court at the same time.

the stay and reinstate this case in June of 2007. I did so. After motion practice and briefing, this matter became ripe for decision in January of 2008.

I now grant the respondent's motion for summary judgment and dismiss Akins's petition with prejudice. Next, I explain the basis for my decision.

## *I.  BACKGROUND*

First, I examine the facts of the crime. After that, I set forth the claims that Akins makes in this court. Finally, I discuss the tangled history in the state courts.

### Facts of Crime

The facts of the crime are accurately set forth in the opinions of the Nebraska Court of Appeals.[3]  From those opinions, and the submissions in this case, I find and conclude that the following facts are undisputed.[4]

On the evening of January 14, 1998, three black males wearing dark clothing and nylon stockings pulled over their heads entered the Four Aces convenience store located at 6602 North 30th Street, Omaha, Nebraska. A shot was fired by one of the men when they entered the store. A shell casing was recovered by the police. An eyewitness told police that one of the men had a cast on one of his arms. One of the men had a silver handgun and said to the employees, "Give us the money." Cash, including bills and change, was given to the men. One of the unarmed men took the

---

[3]*See State v. Akins*, No. A-05-0861 (Apr. 3, 2007) (unpublished) (copy at Filing 82, Attach. 2) (*Akins III*); *State v. Akins*, No. A-99-0593, 2000 WL 707185 (Neb. App. May 16, 2000) (*Akins I*) (copy at Filing 82, Attach. 8).

[4]The trial transcripts are in this record and may be found in Filing 84-4, at CM/ECF p. 15, through Filing 84-8, at CM/ECF p. 59.

purse of a customer.  The customer later remembered that there was nothing unusual about his hands.

A man sitting in his vehicle in the Four Aces parking lot saw the three black males enter and leave the store.  He described to police the vehicle and reported the license plate number.  A police officer radioed this information to dispatch, and it was then broadcast over the police radio, along with the address of the registered owner of the vehicle.  Within minutes, police officers near that address saw a vehicle matching the description and having the license plate number reported in the broadcast.  When police attempted to stop the vehicle, the driver of the vehicle attempted to evade police and ran two stop lights.  Ultimately, the vehicle stopped when cornered by police cars at the end of a dead-end street.

Akins, who was wearing dark clothing, was the driver and only occupant of the vehicle.  Akins had a cast on one arm.  After Akins was removed from the vehicle, he was arrested and searched.  The vehicle was also searched.  A wad of money was found in Akins's back pocket.  In the vehicle, the police discovered a silver semiautomatic pistol, a loaded magazine to a semiautomatic pistol and a large quantity of change.  Subsequent ballistics tests linked the gun found in the vehicle driven by Akins with the shell casing found at the scene.[5]

## Federal Habeas Claims

Taken nearly verbatim from Akins's habeas corpus petition, the fifteen claims asserted by the petitioner are as follows:

---

[5]Testimony regarding the ballistics match appears in Filing 84-7, at CM/ECF p. 58.

*Ground One:* Ineffective assistance of counsel on behalf of Appellant [sic] Counsel . . . That appellant [sic] counsel was ineffective in that his performance was deficient and his deficient performance prejudiced appellant by his failure to raise viable issues as prosecutor misconduct, inadmissable evidence, bias and prejudice on part of trial judge, erroneous instructions and fair and impartial jury.

*Ground Two:* Ineffective assistance of counsel on behalf of Appellant [sic] Counsel . . . That appellant [sic] counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the appellant by filing a disorganized and hard to follow brief which resulting [sic] in the Nebraska Court of Appeals hearing only two out of eight assigned errors and affirming appellant's conviction.

*Ground Three:* Ineffective assistance of counsel on behalf of Appellate Counsel . . . That appellate counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the appellant by arguing only two out of eight assigned errors.

*Ground Four:* Ineffective assistance of counsel on behalf of Appellant [sic] Counsel . . . That appellant [sic] counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the appellant by this ineffective arguing of the ineffective assistance of counsel error and his arguing of a structural error which led to the Court of Appeals affirming those errors.

*Ground Five:* Ineffective assistance of counsel on behalf of Trial Counsel . . . That trial counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the petitioner by his failure to present any meaningful defense at the petitioner[']s motion to suppress physical evidence and at the petitioner's trial which led to the petitioner's conviction.

*Ground Six:* Ineffective assistance of counsel on behalf of Trial Counsel . . . That trial counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the petitioner by his

failure to discharge himself from the petitioner's case when it was clear and apparent that there was a complete breakdown in attorney-client communications from their irrecon[c]ilable differences which led to divided loyalties on the part of petitioner's trial counsel.

*Ground Seven:* Ineffective assistance of counsel on behalf of Trial Counsel . . . That trial counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the petitioner by his failure to object to the various acts of prosecutor misconduct during the motion to suppress the physical evidence and at trial and his failure to object to the admission of the expert scientific opinion testimony.

*Ground Eight:* Ineffective assistance of counsel on behalf of Trial Counsel . . . That trial counsel was ineffective in that his performance was deficient and his deficient performance prejudiced the petitioner by his failure to request a Frye hearing to challenge the admissibility of the expert scientific opinion testimony and by not requesting his own expert to counter the state's expert witness.

*Ground Nine:* Error on behalf of Trial Court . . . That trial court erred in admitting the expert scientific opinion testimony without first conducting a Frye hearing to establish the admissibility and the credibility of the State's expert witness and his expert scientific opinion testimony.

*Ground Ten:* Bias and prejudice on behalf of Trial Court . . . That trial court judge erred in posseing [sic] actual and apparent bias and prejudice against the petitioner, before, during and after his jury trial. There was a clear abuse of discretion and negligence on behalf of the trial court judge in not protecting the petitioner's constitutional rights in that trial court was aware of and allowed his personal bias to permit the ineffective assistance of counsel, prosecutor misconduct, and he failed to recuse himself after posseing [sic] actual and apparent bias and prejudice against the petitioner.

*Ground Eleven:* Error on behalf of Trial Court . . . That the trial court erred in not declaring a mistrial when it was clear and apparent that the

conflict between attorney-client would prevent and was preventing the petitioner from receiving a fair and impartial trial.

*Ground Twelve:* Error on behalf of Trial Court . . . That the trial court erred in accepting the jury panel when the voire [sic] dire challenges were incomplete in that the trial court called a recess while the prosecutor was questioning potential jurors to if [sic] they or there [sic] family members had been victims of violent crimes, and when the recess resumed the prosecutor moved to a different question without completing the questioning of the potential jurors as to if they or there [sic] family members had been victims of violent crimes, thus there was a substantial risk that the petitioner was denied a fair and impartial jury.

*Ground Thirteen:* Prosecutor misconduct . . . The prosecutor erred in expressing her personal beliefs and opinion during her closing arguements [sic] as to the petitioner's guilt or innocence at petitioner's jury trial.

*Ground Fourteen:* Prosecutor misconduct . . . That the prosecutor erred in being aware of confidential communications between the petitioner and his trial counsel at the time of petitioner's jury trial.  The prosecutor was present during on[-]record conflicts between attorney-client and the prosecutor was seated at the same table as the petitioner and his counsel during trial and was able to hear the weakness of attorney-client conflict.

*Ground Fifteen:* Prosecutor misconduct . . . That the prosecutor erred in lowering the standard for the burden of proof by instructing the jury to convict the petitioner of two counts of robbery and use of a weapon to commit a felony under the aider-n-abedor [sic] theory, when the petitioner was the only person on trial or in custody for those crimes.  And the jury was given an instruction to convict the petitioner of aiding-n-abeding [sic] as a lesser charge.  So it was misleading and misguideing [sic] to instruct the jury to use the aider-n-abedor [sic] theory to convict the petitioner of the actual crimes and to give them an instruction to convict the petitioner of a lesser charge of aiding-n-abeding [sic],

especially when the petitioner was the sole person on trial and in custody for allegedly by the State, of committing those crimes.[6]

## State Court Proceedings

Because the relevant history in the state courts is both complex and extended, a time line is helpful.  That said, I only recite as much of that history as is necessary to an understanding of my decision.

### 1998—Pretrial Proceedings[7]

Akins was charged in February of 1998.  After Akins fired his first lawyer, another lawyer was appointed to represent him.  Prior to trial, a suppression hearing was held at which Akins challenged the constitutionality of the stop of his vehicle. He lost that motion.[8]

### January, 1999—Trial[9]

Apparently rejecting the State's aiding-and-abetting theory as applied to one victim, a jury acquitted Akins of the charge that he had robbed one of the convenience store customers of her purse.  On the other hand, the jury convicted Akins on the robbery charge related to the convenience store itself.  The jury also convicted Akins of use of a deadly weapon to commit a felony and operating a motor

---

[6]Filing 1 ¶ 14.

[7]*Akins I*, Filing 82-9, Attach. 8, at CM/ECF pp. 1-2.

[8]A transcript of the suppression hearing is in the record and may be found in Filing 84-3, commencing at CM/ECF p. 30.

[9]*Akins I*, Filing 82-9, Attach. 8, at CM/ECF pp. 1-2.

vehicle to avoid arrest.  Akins was represented throughout the trial by his court-appointed lawyer.

### May, 1999—Sentencing[10]

Akins was allowed to discharge his appointed counsel and proceed pro se at sentencing.  He was sentenced as follows:  (1) 6 to 12 years for the robbery; (2) 6 to 12 years for use of a deadly weapon in the commission of a felony; and (3) 3 to 6 years for operating a motor vehicle to avoid arrest.  The sentences were imposed to run consecutively.

### May, 2000—Appeal in *Akins I*[11]

After retaining a third lawyer, Akins commenced a timely appeal to the Nebraska Court of Appeals.  In the brief, his counsel asserted eight assignments of error, but counsel failed to argue all the assignments separately.  As a consequence, the Nebraska Court of Appeals, following well-recognized state rules, declined to address those assignments of error that had been improperly presented.

The Nebraska Court of Appeals did consider three issues that had been properly presented by appellate counsel.  The first issue was ineffective assistance of trial counsel.[12]  On that issue, there were four parts.  The Nebraska Court of Appeals ruled as follows: (1) regarding the claim that trial counsel was ineffective for failing to request a *Frye* hearing on the admissibility of ballistics testimony, the Court of Appeals ruled that the record was inadequate to evaluate that claim, an evidentiary

---

[10]*Id.* at Filing 82-9, Attach. 8, at CM/ECF pp. 1-2.

[11]*Id.* at Filing 82-9, Attach. 8, at CM/ECF pp. 1-6.

[12]*Id.* at Filing 82-9, Attach. 8, at CM/ECF pp. 2-4.

hearing was necessary and the court would therefore not consider that issue on direct appeal[13]; (2) regarding Akins's claim that trial counsel was ineffective for failing to hire experts to challenge the ballistics testimony and to challenge the accuracy of eyewitness testimony, the Court of Appeals determined that the record was insufficient and declined to address that issue; (3) regarding the claim that trial counsel was ineffective for failing to move for a new trial due to trial errors, the Court of Appeals determined that the record was insufficient and declined to address that issue; and (4) regarding the claim that trial counsel was ineffective for failing to preserve suppression issues, the Court of Appeals resolved that issue against Akins on the merits by deciding that the stop, search and arrest of Akins were constitutional

---

[13]As I understand Nebraska law, when an issue regarding ineffective assistance of counsel has not been presented to the trial court, but the issue is raised on direct appeal (as in cases where new appellate counsel attacks trial counsel), the Nebraska courts will consider and resolve such a claim when the record is sufficient to do so. Indeed, where there is new appellate counsel, issues related to trial counsel's ineffective performance *must* be raised on direct appeal or they will be procedurally barred if later brought in a state postconviction action. *See, e.g., State v. Bennett*, 591 N.W.2d 779, 782-783 (Neb. 1999) (where the defendant had new counsel for his direct appeal, defendant's postconviction motion was procedurally barred due to his failure to litigate on direct appeal of robbery and assault conviction claims of ineffective assistance of trial counsel due to attorney's fraudulent readmission to the bar, failure to object to evidence of defendant's prior bad acts and failure to call alibi witness). If the record is not sufficient to decide the claim on direct appeal, the defendant must litigate the claim that his trial counsel was ineffective in a separate state postconviction action so that a proper record can be made. *Id.* ("Although an appellate court will not address an ineffective assistance of counsel claim on direct appeal when the matter necessitates an evidentiary hearing, an appellate court's refusal to do so does not bar a later motion for postconviction relief.") (internal citation omitted).

and Akins suffered no prejudice as a result of counsel's alleged failure to preserve such matters.

The second issue dealt with "structural error."[14]  Here, too, there were several parts to the analysis by the Nebraska Court of Appeals.  As I read the opinion, the Court of Appeals reached and resolved the "structural error" issue on the merits.

Akins argued that "structural error" occurs when the defendant is denied basic protections without which a trial is unreliable or when the error affects the entire framework of the proceedings.  The Court of Appeals held that (1) there was no structural error despite the fact that Akins had disagreements with his appointed trial counsel and despite the fact that Akins's conflicts with the lawyer were generally known to the jury, since Akins had merely shown that he distrusted the appointed lawyer, since Akins's mere desire for another lawyer was not enough to secure appointment of substitute counsel and since Akins elected to proceed with appointed counsel after twice consulting with the judge outside of the hearing of the jury;[15] (2) Akins's conduct during trial did not amount to structural error even though Akins interrupted the proceedings over disagreements with his lawyer; and (3) there was no structural error resulting from Akins proceeding pro se at sentencing since he knowingly and voluntarily elected to do so.

---

[14]*Akins I*, Filing 82-9, Attach. 8, at CM/ECF pp. 4-6.

[15]Here it is worth noting that the trial judge had already postponed trial once shortly before trial was originally scheduled to start, allowed Akins's first lawyer to withdraw because Akins was dissatisfied with him and appointed a public defender to take over the case.  (Filing 84-3, at CM/ECF pp. 7-29.)  Thus, the public defender who appeared as trial counsel was Akins's second lawyer.

The third issue considered by the Nebraska Court of Appeals in *Akins I* dealt with plain error and a sentence imposed on one count.[16]  The Court of Appeals held that the sentence imposed on the charge of operating a motor vehicle to avoid arrest exceeded the statutory maximum and the statutory minimum.  It remanded that portion of the case to cure the error, but otherwise affirmed.[17]

### Akins Failed to Seek Further Review of *Akins I* Before the Nebraska Supreme Court—May and June, 2000

As the Eighth Circuit Court of Appeals has declared in this case, "Nebraska court rules provide for discretionary review in the Nebraska Supreme Court of decisions by the Nebraska Court of Appeals. . . . A petition for further review must be filed within 30 days after the Court of Appeals' opinion, and a specific format is provided to govern the filing form . . . ."[18]  According to the Eighth Circuit, Akins failed to request further review of *Akins I*.[19]

### Corrected Sentence—August, 2000[20]

Pursuant to the mandate of the Nebraska Court of Appeals, the Nebraska trial court resentenced Akins on the motor vehicle charge.  The corrected sentence was

---

[16]*Akins I*, Filing 82-9, Attach. 8, at CM/ECF p. 6.

[17]As I observed in a prior memorandum and order, the Nebraska Court of Appeals was apparently unaware that the trial court had already entered an order "nunc pro tunc" attempting to correct the error.  (*See* Filing 63, at CM/ECF p. 3 (referring to Filing 14, Ex. 1).)

[18]*Akins,* 410 F.3d at 454.

[19]*Id.* at 453.

[20]Filing 82-6, at CM/ECF pp. 3-4.

imposed on August 10, 2000. Akins was sentenced to between 20 months and 60 months[21] and the sentence was consecutive to the other sentences. Akins filed no direct appeal.

### *Akins II*
### The Premature Postconviction Action and Related Appeal
### July through December, 2000[22]

Before the district court's sentencing order on remand from the Court of Appeals, Akins filed a "Motion to Vacate Conviction and Sentence." In that motion, Akins alleged the following grounds for postconviction relief: (1) ineffective assistance of counsel on direct appeal; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct; (4) biased trial judge; and (5) lack of a fair and impartial jury.

In an order filed on July 13, 2000, the district court overruled Akins's postconviction motion as premature. The order stated: "Because this matter is set for resentencing on August 10, 2000 . . . pursuant to the mandate of the Court of Appeals dated June 23, 2000, the Defendants' various motions regarding the vacation of his conviction and sentence are premature." Akins appealed from the order of July 13, 2000, in which the district court had denied the motion for postconviction relief as premature. On September 20, 2000, the Nebraska Court of Appeals dismissed Akins's appeal (Case No. A-00-0789) without opinion. Akins then filed a "Petition for Further Review by the Nebraska Supreme Court" on October 20, 2000. In that filing, Akins argued that "the Nebraska Court of Appeals erred in dismissing [Akins's] appeal as premature and that the Nebraska Supreme Court ha[d] jurisdiction

---

[21]This new sentence fit the statutory maximum and the statutory minimum. *See Akins I*, Filing 82-9, Attach. 8, at CM/ECF p. 6. In other words, the trial court properly corrected its earlier sentencing error.

[22]Filing 63, at CM/ECF pp. 3-4 (summarizing the record for *Akins II*).

over the matter." On December 13, 2000, the Nebraska Supreme Court denied the request for further review.

### *Akins III*
### The State Trial Court's Substantive Resolution of Postconviction Action
### March, 2004, through July, 2005

Except for claims of error regarding trial counsel's handling of the ballistics evidence and the admission of the ballistics evidence, the state trial judge ruled that all of the errors assigned in the motion for postconviction relief[23] were without merit.[24] Accordingly, on March 4, 2004, the judge dismissed those claims without an evidentiary hearing. As for allegations regarding the ballistics evidence and trial counsel's ineffectiveness regarding the handling of that evidence, the trial judge appointed stand-by counsel to assist Akins, and he ordered an evidentiary hearing.

On January 18, 2005, trial counsel was deposed by Akins and the prosecutor.[25] Stand-by counsel was present also. Among other things, trial counsel told Akins that he did not secure an expert because "I was given absolutely no indication from you nor anybody else that would contradict that ballistic report."[26] Furthermore, counsel

---

[23]That motion asserted grounds for relief which are similar, but not identical, to the grounds for relief asserted in this court. *Compare* Filing 1 ¶ 14 (the petition in this case) *with* Filing 82-6, at CM/ECF pp. 12-31 (the state postconviction motion). Akins's description in this court of what he presented to the state courts is set forth in Filing 6 ¶ 2.

[24]Filing 82-6, at CM/ECF p. 51.

[25]*Id.* at CM/ECF pp. 53-67.

[26]*Id.* at CM/ECF p. 58.

-13-

opined that ballistics testing had been around a long time and "you don't need to keep testing the same test over and over, once it's been accepted."[27]

When Akins asked counsel what "his" defense to the charge was, counsel in substance responded that Akins had placed the lawyer in an impossible position.[28] According to counsel, Akins told the lawyer that his girlfriend could provide an alibi, but she refused to testify. Akins also refused to testify on his own behalf. At bottom, it was Akins who had insisted on a trial despite strong evidence against him and despite the lack of exculpatory evidence in his favor. Indeed, the transcript of trial begins with trial counsel making a record that he had advised Akins not to go to trial, but Akins insisted on a trial nevertheless.[29]

On April 1, 2005, the trial judge held an evidentiary hearing on Akins's request for postconviction relief.[30] The only evidence that was presented was the deposition of trial counsel. The trial judge also took judicial notice of the files and records of the case.

On July 7, 2005, the judge ruled against Akins, stating the following:

A final hearing on Defendant's [sic] Samar R. Akins' Application for Post-Conviction Relief was held on April 1, 2005. Defendant Samar R. Akins appeared by telephone conference; Defendant Samar R. Akins also had the benefit of advisor-attorney W. Patrick Dunn, who was present at the hearing; the State of Nebraska appeared by Deputy County Attorney Martin Conboy, IV. Evidence was aduced through of [sic] the

---

[27]*Id.* at CM/ECF p. 59.

[28]*Id.* at CM/ECF p. 59, lines 6-16.

[29]Filing 84-4, at CM/ECF p. 5.

[30]Filing 84-2, at CM/ECF pp. 4-16.

testimony of Defendant's trial counsel Andrew Wilson.  Judicial notice was taken of the trial and appellate record in this case.  Following the remarks of counsel and the Defendant, the matter was submitted.  The Court is now fully advised in the premises, and finds that Defendant has failed to meet his burden of proof in establishing that his trial counsel's performance was ineffective, under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Defendant's allegations center upon ballistics evidence linking the Defendant to the robbery in question.  Defendant argues that his trial counsel should have requested a *Frye*[31] hearing on the admissibility of ballistics evidence; that he should have objected to the admission of ballistics evidence at trial;[32] that he should have deposed the State's expert prior to the time of trial; that he should have attempted to rebut the State's forensic evidence; and that he failed to request a *Daubert*[33] hearing regarding the admissibility of this evidence.  Counsel's testimony dealt with the settled nature of the science regarding the State's ballistics evidence; his notice of the State's forensic evidence prior to the time of trial in the form of an expert's report; and the fairly limited range of options presented to him— Defendant's proposed alibi witness would not testify; and the Defendant himself did not testify at trial.

Defendant has failed to meet his burden of proof in establishing either that trial counsel's performance was deficient, or that any alleged deficiency actually prejudiced the Defendant's defense.[34]

---

[31]*Frye v. United States*, 293 F. 1013, 1014 (D.C. Cir. 1923).

[32]As an aside, trial counsel did object.  He asserted a "lack of foundation"objection.  As one might expect given the foundation that had been laid by the experienced prosecutor, the trial judge overruled the objection.  (Filing 84-7, at CM/ECF p. 57.)

[33]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[34]Filing 82-7, at CM/ECF p. 1.

-15-

### *Akins III*
## Nebraska Court of Appeals Affirms Denial of Postconviction Motion
## April, 2007[35]

Akins appealed.  On April 3, 2007, the Nebraska Court of Appeals issued a 17-page opinion denying Akins's appeal of the denial of his postconviction motion.  The court detailed Akins's assignments of error and noted that they were the same errors presented to the state trial judge in the postconviction motion.

The errors outlined by the Court of Appeals were these: (1) ineffective assistance of appellate counsel by failing to raise viable issues such as prosecutorial misconduct, inadmissible evidence, bias on the part of the trial judge and erroneous jury instructions; failing to argue all assigned errors in the brief; and failing to effectively argue ineffective assistance of trial counsel and structural error; (2) ineffective assistance of trial counsel by failing to present a meaningful defense at the motion to suppress, by failing to withdraw as Akins's trial counsel, by failing to object to various acts of prosecutorial misconduct, by failing to file a motion for new trial and by failing to request a *Frye* hearing; (3) the trial court erred by admitting opinion testimony without a *Frye* hearing, in being biased, in failing to declare a mistrial and by prematurely empaneling a jury; and (4) there were numerous instances of prosecutorial misconduct.

The Nebraska Court of Appeals first ruled that Akins was precluded from arguing most of these errors because they were or could have been litigated on direct appeal and errors which were known to the defendant at trial and which were not raised on direct appeal are waived in subsequent state postconviction proceedings

---

[35]*State v. Akins*, No. A-05-0861 (Apr. 3, 2007) (unpublished) (copy at Filing 82, Attach. 2).

under Nebraska law.[36]  The court specifically ruled that the following issues were procedurally barred: (1) trial counsel was ineffective by failing to present any meaningful defense on the motion to suppress, by failing to withdraw as Akins's trial counsel, by failing to object to various acts of prosecutorial misconduct and by failing to move for a new trial on the grounds of prosecutorial misconduct; (2) there was judicial bias; (3) there was jury bias; (4) the trial court erred in admitting scientific testimony without having a *Frye* hearing, the trial court erred in being biased against Akins, the trial court erred in failing to declare a mistrial and the trial court erred in prematurely empaneling a jury; and (5) the prosecutor engaged in numerous acts of misconduct.

The Nebraska Court of Appeals then extensively discussed Akins's claims of ineffective assistance of appellate counsel and ineffective assistance of trial counsel. Applying *Strickland v. Washington*, 466 U.S. 668 (1984), the Nebraska Court of Appeals found that Akins had failed to show constitutionally deficient performance or prejudice regarding the work of appellate counsel[37] and the same was true for trial counsel.[38]

Regarding the alleged ineffective assistance of appellate counsel, the Nebraska Court of Appeals discussed and resolved the following issues: (1) Akins's appellate counsel was not ineffective for, and Akins suffered no prejudice from, the failure to raise "viable" issues on appeal because Akins's postconviction motion merely made conclusions of fact and law and this was insufficient to carry his burden; (2) Akins's appellate counsel was not ineffective for, and Akins suffered no prejudice from, the

---

[36]*Id.* at CM/ECF pp. 7-8.  The Court of Appeals cited *State v. Benzel*, 689 N.W.2d 852 (Neb. 2004), and *State v. Drinkwalter*, 720 N.W.2d 415 (2006), for these propositions.

[37]*Id.* at CM/ECF pp. 8-12.

[38]*Id.* at CM/ECF pp. 12-17.

filing of a "disorganized" brief and arguing only two assignments error because the Court of Appeals substantively addressed various issues in the direct appeal despite the manner in which the brief was written, because Akins received some relief as a result of the appeal and because Akins's postconviction motion merely made conclusions of fact and law, and this was insufficient to carry his burden; and (3) Akins's appellate counsel was not ineffective for, and Akins suffered no prejudice from, the way in which counsel argued about ineffectiveness of trial counsel and the way in which he argued about "structural" error because Akins's postconviction motion merely made conclusions of fact and law and this was insufficient to carry his burden.

Regarding the alleged ineffective assistance of trial counsel, the Nebraska Court of Appeals discussed and resolved the following issues: (1) Akins's trial counsel was not ineffective for, and Akins suffered no prejudice from, the failure to request a *Frye* hearing on the ballistics evidence because ballistics testing has been generally accepted in the Nebraska courts since 1935; (2) Akins's trial counsel was not ineffective for, and Akins suffered no prejudice from, the failure to hire a defense expert because counsel was not informed by Akins that there was any reason to doubt the ballistics evidence and because Akins failed to show that such an expert would have given testimony that contradicted Nebraska's expert; and (3) Akins's trial counsel was not ineffective for, and Akins suffered no prejudice from, the failure to make a motion for new trial regarding the absence of a *Frye* hearing or the absence of a defense expert since the Court of Appeals had determined that the underlying claims (no *Frye* hearing or defense expert) lacked merit.

*Akins III*[39]
**The Nebraska Supreme Court Denies a Timely Petition for Further Review**
**June 13, 2007**

Akins submitted his petition for further review of *Akins III* on April 11, 2007. The petition for further review was overruled on June 13, 2007, and the mandate of the Nebraska Supreme Court was issued on July 6, 2007.

## II.  ANALYSIS

The respondent does not now defend on lack of exhaustion.[40]  On the other hand, the respondent does defend on the basis of procedural default.  The respondent argues that many of Akins's claims are procedurally defaulted either because Akins did not file a petition for further review in the Nebraska Supreme Court from the decision in *Akins I* or because he failed to raise in *Akins I* issues that could have been presented in that matter.   The respondent also argues that Akins's claims lack merit either because I must accord deference to the rulings of the state courts or because Akins's claims lack substance no matter how they are evaluated.  I agree with the respondent.

A separate discussion of each of Akins's claims would benefit no one.  Rather, I make the following more generalized observations to explain my decision.

_____

[39]Filing 82, Attach. 2.

[40]Akins repeatedly argues that the respondent is "judicially estopped" from asserting a procedural default. (*See*, *e.g*., Filing 87, at CM/ECF p. 2.)  He argues that the respondent has been inconsistent.  Akins perceives inconsistency because the respondent earlier asserted a lack of exhaustion and, after Akins filed a state postconviction action, the respondent asserted various procedural default arguments. Simply put, there is no inconsistency.  Principles of "exhaustion" and "procedural default," while closely related, are not the same thing.   Thus, there is no inconsistency, and "judicial estoppel" does not apply.

**A. All Claims Presented and Finally Resolved by the Nebraska Court of Appeals in *Akins I* are Procedurally Defaulted Due to the Failure to File a Petition for Further Review in the Nebraska Supreme Court Even Though There Was a Timely Petition for Further Review Submitted in *Akins III*.**

In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (in order to satisfy exhaustion requirement, prisoner was required to present his claims to state supreme court for discretionary review), the Supreme Court explained the habeas exhaustion requirement[41] as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. *Id.* at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. *Id.* at 844. If a habeas petitioner fails to do so in a *timely* fashion, and there is no opportunity for a "redo" in the state courts, then the claim is exhausted by "procedural default." *Id.* at 848.

In Nebraska, "one complete round" ordinarily means that each habeas claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Nebraska Court of Appeals rules against the petitioner. *See Akins*, 410 F.3d at 454. If a habeas claim has *not* been *timely* presented all the way through the state's appellate review process and is *now* barred from presentment in the state courts, the claim is "exhausted" but "procedurally defaulted" in the federal courts. *O'Sullivan*, 526 U.S. at 848 (state prisoner, who failed to *timely* present for discretionary review to state supreme court

_____

[41]The "exhaustion" requirement is now a statutory requirement. *See* 28 U.S.C. § 2254(b).

-20-

claims that he had raised before appellate court, procedurally defaulted those claims for purposes of his petition for federal habeas relief*)*; *Akins,* 410 F.3d at 455-456.

Under Nebraska law, a claim that "was . . . asserted on direct appeal may not be pursued in a postconviction relief motion." *Akins*, 410 F.3d at 455-456 n.1 (citing *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002)). As a result, because Akins did not file a timely petition for further review with the Nebraska Supreme Court regarding the Nebraska Court of Appeals decision in *Akins I* and because Akins has no other presently available state avenue to address the claims that were resolved by the Nebraska Court of Appeals in *Akins I*, claims presented and resolved by the Nebraska Court of Appeals in *Akins I* are now exhausted but procedurally defaulted in federal court. *See, e.g., Rouse v. Houston*, No. 4:07CV3089, 2007 WL 3046426, at *2 (D. Neb. Oct. 18, 2007) (failure to file timely petition for further review resulted in procedural default in federal court); *En Matti v. Houston*, No. 4:03CV3258, 2006 WL 2176613, at *3-4 (D. Neb. July 31, 2006) (failure to file petition for further review resulted in procedural default in federal court). In sum, the petitioner did not give the Nebraska Supreme Court a timely opportunity to examine the decision of the Nebraska Court of Appeals in *Akins I*, the state courts will not now reconsider those claims, and a federal procedural bar thus arises.

When it comes to "procedural default," nothing is ever simple, and so an additional observation is warranted: *Akins III* was the subject of a timely petition for further review. However, absent an explicit or implicit waiver by Nebraska (and there is none[42]), I have found no law suggesting that the filing of a timely petition for further review in a postconviction action (*Akins III*) excuses a failure to file a *timely* petition for further review of a direct appeal (*Akins I*). It is that earlier failure that

---

[42]For example, in *Akins III* there is no indication that the Nebraska Court of Appeals or the Nebraska Supreme Court reconsidered issues resolved on the merits in *Akins I*.

results in the federal procedural bar for all claims finally resolved by the Nebraska Court of Appeals in *Akins I*.

Akins could have excused this default if he had shown that he was actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). He has not done so. On the contrary, the evidence presented to the jury overwhelmingly established his guilt.

Also, Akins might[43] have been able to excuse this default if there were "cause" and "prejudice" to excuse the default, such as by the prejudicial failure of appellate counsel to file the petition for further review. *Id.* at 492. In order to do that, however, he would first have to present such a claim—that his appellate counsel was ineffective for failing to file a petition for further review—to the Nebraska courts in a state postconviction action and thereby "exhaust" that claim. He has not done so.[44] Moreover, he cannot file a second postconviction action in the Nebraska courts because he could have raised the ineffectiveness of appellate counsel regarding the failure to file a petition for further review in the first postconviction action, and he did not do so. *See*, *e.g.*, *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003) (an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion; barring assertion of ineffective assistance of counsel claim).

_____

[43]For the reasons I use the word "might," see the discussion at note 45.

[44]While Akins presented claims that his appellate counsel was ineffective in *Akins III*, none of those claims related to the failure to file a petition for further review in *Akins I*. (*See* Filing 82-6, at CM/ECF pp. 13, 16-18 (Akins's motion in state court).)

A federal habeas court is barred from considering an ineffective assistance of counsel claim as "cause" for the procedural default of another claim when the ineffective assistance claim has itself been inexcusably procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-452 (2000) (an ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim). Therefore, this court cannot consider that the petitioner's appellate counsel rendered ineffective assistance by failing to seek further review in the Nebraska Supreme Court as "cause" to excuse the procedural default of claims considered and rejected by the Nebraska Court of Appeals. *See*, *e.g.*, *Rouse*, 2007 WL 3046426, at *3; *En Matti*, 2006 WL 2176613, at *4.

Furthermore, Akins has not asserted in this court that his appellate counsel was ineffective for failing to file the petition for further review. Thus, there is not even a claim that would support such a finding. In short, Akins cannot avoid the procedural default that took place as a result of his counsel's failure to file a petition for further review in *Akins I*.[45]

_____

[45]Arguably, there is no right to counsel as a matter of constitutional law when it comes to petitions for further review before the Nebraska Supreme Court because a criminal defendant has been heard by the Nebraska Court of Appeals and the Constitution only requires one level of appeal. *See State v. Mata*, 730 N.W.2d 396, 402 (Neb. 2007) (the Nebraska Supreme Court has ruled that a defendant did not have a constitutional right to counsel beyond the conclusion of his direct appeal, and thus, he could not be deprived of effective assistance of counsel by his retained counsel's failure to timely file a petition for further review; defendant's constitutional right to counsel and to effective assistance of counsel ended when an appellate court (the Nebraska Court of Appeals) decided his direct appeal, and it did not extend to subsequent discretionary appellate review). Thus, an argument can be made that Akins cannot show cause or prejudice under federal law to excuse the procedural

Finally, I find and conclude that the federal claims that have been procedurally defaulted due to the failure to file a petition for further review in *Akins I* are these: (1) any federal claim premised in whole or in part upon the assertion that trial counsel was ineffective for failing to preserve suppression issues (*see* Ground 5); and (2) any federal claim premised in whole or in part upon the assertion that there was "structural error" (*see* Ground 4) because Akins had disagreements with his appointed trial counsel (*see* Grounds 6 & 11), because the jury was aware of the conflict with Akins's lawyer (*see* Ground 11), because Akins interrupted the proceedings over disagreements with his lawyer (*see* Ground 11) or because Akins proceeded pro se at sentencing (*see* Ground 6).

### B.  Many Claims Presented in *Akins III* are Procedurally Defaulted Due to the Failure to Assert Them in *Akins I*.

A "motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *State v. Lotter*, 664 N.W.2d 892, 922 (Neb. 2003). Also, as a general rule, Nebraska courts "will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.  The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Moore*, 718 N.W.2d 537, 542 (Neb. 2006) (death penalty case holding that constitutional challenge to statutorily mandated method of execution was procedurally barred) (internal citation omitted).  Thus, to the extent that Akins presented claims in *Akins*

---

default of failing to file a timely petition for further review by showing that his lawyer erred.  This would be true, so the argument would go, because the failure of his counsel to  file the petition is of no constitutional significance.  Therefore, it does not matter whether his lawyer erred because Akins had no right to a lawyer at that stage of the proceeding.  I need not decide this question.  Because Akins did not present a claim of ineffectiveness of counsel regarding the petition for further review to the state courts, Akins cannot show cause or prejudice under any circumstance.

*III* that were not presented in *Akins I*, those claims cannot be litigated in this court (absent special circumstances) because they have been procedurally defaulted under federal law.  *See*, *e.g.*, *Akins*, 410 F.3d at 455-456 n.1 ("[U]nder Nebraska law, a claim that was or could have been asserted on direct appeal may not be pursued in a postconviction relief motion" and, in that circumstance, a federal "procedural default" exists unless excused);  *Sobey v. Britten*, No. 4:04CV3342, 2007 WL 1291085, at *10-11 (D. Neb. Mar. 23, 2007) (same).

Akins tries to avoid this bar by suggesting that his appellate counsel was ineffective in his handling of the appeal before the Nebraska Court of Appeals and thus he has shown "cause" and "prejudice" to excuse his failure to raise issues in *Akins I* that were raised in *Akins III*.  Since Akins did allege the ineffectiveness of his appellate counsel in *Akins III*, and that was the first opportunity he had to do so, Akins has not defaulted the opportunity to excuse the underlying procedural default by attacking his appellate counsel.  Nonetheless, his argument is without merit.  His appellate counsel was not ineffective, and thus Akins has not excused the default.

First, the Nebraska Court of Appeals in *Akins III* carefully considered Akins's claims regarding the ineffectiveness of his appellate counsel on the merits and found them lacking either because Akins had failed to demonstrate that counsel performed below the constitutional threshold or because Akins failed to show prejudice.[46]  This ruling is entitled to deference under 28 U.S.C. § 2254(d)[47] and Akins has come

---

[46]*Akins III*, No. A-05-0861, Filing 82, Attach. 2, at CM/ECF pp. 8-12 (applying *Strickland*).

[47]That portion of the statute states:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

nowhere close to establishing a reason not to afford the decisions of the Nebraska courts the deference required by the federal statute.

Second, I have independently examined the record and find neither constitutional inadequacy nor prejudice arising from the performance of appellate counsel. While Akins's appellate counsel may not have been the best brief writer in the world, the brief was adequate.[48] Importantly, the direct appeal resulted in the correction of a sentencing error and it also established the predicate for an evidentiary hearing on the question of trial counsel's handling of the ballistics evidence. Regarding the ballistics question, appellate counsel got the attention of the Nebraska Court of Appeals in *Akins I*. This attention later resulted in Akins being provided with the opportunity in *Akins III* to depose his trial counsel and present evidence and argument regarding counsel's handling of ballistics questions. In short, I independently conclude that appellate counsel was not constitutionally ineffective.

Therefore, I find and conclude that the federal claims that have been procedurally defaulted due to the failure of the petitioner to raise them on direct appeal in *Akins I* are these: (1) any federal claim premised in whole or in part upon the assertion that trial counsel was ineffective by failing to present a meaningful defense on the motion to suppress (*see* Ground 5), by failing to withdraw as Akins's trial counsel (*see* Ground 6), by failing to object to various acts of prosecutorial

---

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[48]*See* Filing 82-10, at CM/ECF pp. 1-22 (the brief).

misconduct (*see* Ground 7) and by failing to move for a new trial on the grounds of prosecutorial misconduct (*see* Ground 7); (2) any federal claim premised in whole or in part upon the assertion that there was judicial bias (*see* Ground 10); (3) any federal claim premised in whole or in part upon the assertion that there was jury bias (*see* Ground 12); (4) any federal claim premised in whole or in part upon the assertion that the trial court erred in admitting scientific testimony without having a *Frye* hearing (*see* Ground 9), that the trial court was biased against Akins (see Ground 10), that the trial court erred in failing to declare a mistrial (*see* Ground 11) and that the trial court erred in prematurely empaneling a jury (*see* Ground 12); and (5) any federal claim premised in whole or in part upon the assertion that the prosecutor engaged in numerous acts of misconduct (*see* Grounds 13, 14, 15).

### C.   The Ineffective Assistance of Appellate Counsel Claims Presented in *Akins III* that Were Considered but Dismissed Without an Evidentiary Hearing Lack Merit When Judged by the Appropriate Deferential Standard of Review.

As just discussed, the Nebraska Court of Appeals thoroughly considered and rejected Akins's claims of ineffective assistance of appellate counsel in *Akins III*. For the reasons expressed in the preceding section, I agree that those claims are without merit and that *Akins III* is entitled to deference under 28 U.S.C. § 2254(d). Thus, Grounds 1 through 4 of the federal petition regarding the alleged ineffectiveness of appellate counsel cannot serve as a basis for relief because those claims have no merit.

### D.  The Ineffective Assistance of Trial Counsel Claims Presented in *Akins III* that Were Considered but Dismissed After an Evidentiary Hearing Lack Merit When Judged by the Appropriate Deferential Standard of Review.

The Nebraska Court of Appeals basically determined that Akins's trial counsel was not ineffective regarding the ballistics evidence because ballistics testing by a

qualified expert[49] has long been accepted by the courts, because Akins gave his counsel no reason to doubt the ballistics evidence and because there was no showing that a defense expert would have made a difference.  The Nebraska Court of Appeals was correct on all counts, and the decision in *Akins III* is entitled to deference under 28 U.S.C. § 2254(d).  Thus, Grounds 8 and 9 of the federal petition regarding the alleged ineffectiveness of trial counsel cannot serve as a basis for relief because those claims have no merit.  *See*, *e.g.*, *Wilcox v. Hopkins*, 249 F.3d 720, 722-723 (8th Cir. 2001) (ineffective assistance of counsel not shown where defense counsel persuaded defendant to plead guilty before obtaining defense expert's ballistic analysis of crime scene).

### E.  Finding That There are No Material Facts in Dispute, None of Akins's Claims Have Merit Whether Procedurally Defaulted or Not and Whether Judged by a Deferential Standard of Review or De Novo.

Realizing that there may not be a complete convergence of the claims presented to the state courts as compared to the claims presented here, realizing that issues of procedural default take on a mind-numbing complexity in cases like this one, realizing that inventive litigants can conjure up ways around procedural default principles or the deferential standard of review doctrine and wanting to bring an end to this old case once and for all, I have separately reviewed each ground for relief asserted by Akins and I have done so de novo.  In doing so, I have judged each such claim against the record made in this court.  Insofar as that record is concerned, there are no material facts that are genuinely disputed.

---

[49]The expert in this case had been employed by the Omaha Police Department since 1990, he had trained under two highly regarded experts, he was a member of the Association of Firearm and Tool Mark Examiners (AFTE) and he was using state-of-the-art technology, including the Integrated Ballistics Identification System (IBIS). Filing 84-7, at CM/ECF pp. 49-51.

Plainly put, I find and conclude that Akins is not entitled to relief on any of the grounds he asserts, no matter how one looks at them.   They all lack merit.   Accordingly, I shall deny Akins's habeas corpus petition with prejudice.

IT IS ORDERED that:

1.   The petition for habeas corpus is denied with prejudice.   A separate judgment will be entered.

2.   The respondent's motion for summary judgment (filing 80) is granted and the petitioner's motion to deny respondent's motion for summary judgment (filing 87) is denied.

February 7, 2008.                    BY THE COURT:

                                     s/ *Richard G. .Kopf*
                                     United States District Judge

-29-